UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
MARY WASHINGTON,

                             Plaintiff,                <u>REPORT AND</u>
                                                     <u>RECOMMENDATION</u>
       -against-

                                          CV-04-4544 (TCP) (ETB)

NASSAU COUNTY, NASSAU COUNTY SHERIFF'S
DEPARTMENT, UNDERSHERIFF JOHN D.
MAGUIRE, LIEUTENANT PETER DUDEK,
SERGEANT DONNA ANDERSON, individually and
in their official capacities,

                             Defendants.
--------------------------------------------------------------------------X

TO THE HONORABLE THOMAS C. PLATT, UNITED STATES DISTRICT JUDGE:

       The plaintiff, Mary Washington ("Washington" or "plaintiff"), brings this action against

Nassau County and the Nassau County Sheriff's Department, as well as Undersheriff John D.

Maguire, Lieutenant Peter Dudek, and Sergeant Donna Anderson (collectively, "defendants"),

alleging a violation of her civil rights under 42 U.S.C. § 1983.

       This action commenced with the filing of the complaint on October 21, 2004, at which time

the plaintiff was represented by counsel from the firm of Leeds, Morelli, & Brown, P.C. ("Leeds,

Morelli, & Brown").  By letter dated November 23, 2004, defendants' counsel requested leave to

file a motion to disqualify plaintiff's counsel.  Defendants' noted that a conflict existed based on

Leeds, Morelli & Brown's representation of a named defendant in this action, Donna Anderson,

as a plaintiff in a lawsuit Anderson previously filed against several of her co-defendants in this

action.  On April 8, 2005, after hearing oral argument on the matter, Judge Platt granted

defendants' motion to disqualify plaintiff's counsel and instructed the plaintiff to retain new

counsel.

On April 12, 2005 the initial conference was rescheduled to June 28, 2005 to afford plaintiff an opportunity to obtain new counsel. Neither plaintiff nor defendants appeared at the re-scheduled conference or otherwise communicated with the Court. On June 28, 2005 the initial conference before the undersigned was rescheduled to July 29, 2005. Plaintiff did not appear at the July 29, 2005 conference. The defendants appeared through counsel from the office of the County Attorney of Nassau County. By order dated July 29, 2005, plaintiff was directed to show cause in writing on or before August 3, 2005 why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b). The order indicated that failure to comply would expose the plaintiff to sanctions, including dismissal of the action. Plaintiff was further directed to appear in person before the Court on August 4, 2005.

Plaintiff has failed to appear at the August 4, 2005 status conference. At the conference, defendants' counsel indicated that a Nassau County investigator attempted three times to personally serve the plaintiff, at her residence in Hempstead, New York, with the July 29, 2005 order by the undersigned. The defendants' filed with the Court proof of the attempts at service. The plaintiff was never personally served, but on each of the three attempts– July 29, 2005 at 2:00 p.m, July 29, 2005 at 4:00 p.m., and August 2, 2005 at 9:30 a.m.– the order dated July 29, 2005 was left at the plaintiff's residence. Finally, on August 2, 2005, the order was mailed to the plaintiff at her residence. The plaintiff has failed to communicate in any way with the defendants or the Court since the Court's April 8, 2005 order directing the plaintiff to obtain new counsel.

<u>DISCUSSION</u>

Federal Rule of Civil Procedure 41(b) permits the Court to <u>sua sponte</u> dismiss a plaintiff's complaint if the plaintiff fails to prosecute her claim or comply with a court order. Rule 41(b), Fed. R. Civ. P. <u>See also</u> <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629, 82 S. Ct. 1386, 8 L. Ed. 2d

734 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted."); West v. Gilbert, 361 F.2d 314, 316 (2d Cir. 1966) (per curium), cert. denied, 385 U.S. 919, 87 S. Ct. 229, 17 L. Ed. 2d 143 (1966) ("The District Court has the power to dismiss for failure to prosecute, on its own motion."); Jones v. Pearson, No. 03 Civ. 8987, 2004 U.S. Dist. LEXIS 18679, at *2 (S.D.N.Y. Sept. 13, 2004) ("A district court has the inherent power to dismiss a case . . . for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.").

Accordingly, the United States Court of Appeals for the Second Circuit has held that a district court considering a dismissal under Fed. R. Civ. P. 41(b) should look to:

> (1) the duration of the plaintiff's failures,(2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calender congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994) (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d. Cir. 1988)).  See also Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)).

Here, the plaintiff had failed to appear at two conference before the undersigned when the Court issued an Order to Show Cause on July 29, 2005, directing the plaintiff to appear before the undersigned on August 4, 2005 and explain why this action should not be dismissed under Federal Rule of Civil Procedure 41(b).  Despite receiving adequate notice, plaintiff neglected to answer or otherwise respond to the Court's order.  Plaintiff has not complied with the Court's Order to Show Cause, nor has plaintiff otherwise participated in this action since she was directed to retain

counsel to replace Leeds, Morelli & Brown.

## CONCLUSION

Based on the foregoing, this action should be dismissed, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute and failure to comply with the orders of the court.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within twenty (20) days after the date of entry of this report. Failure to file objections within twenty (20) days will preclude further appellate review of the District Court's order.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), and 72(b); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822 (1994); Frank v. Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).


Defendants' counsel is directed to serve a copy of this report on all parties upon receipt.

SO ORDERED.

Dated: Central Islip, New York
　　　　August 4, 2005

　　　　　　　　　　　　　　　　　　/s/ E. Thomas Boyle_____
　　　　　　　　　　　　　　　　　　E. THOMAS BOYLE
　　　　　　　　　　　　　　　　　　United States Magistrate Judge